BAILES, Judge.
This is a suit in tort brought by Joe Kinchen to recover both general and special damages for alleged personal injuries.[1] From a judgment in favor of the plaintiff, defendants appeal.
This action arises out of a vehicular collision that occurred on October 18, 1960, on Scenic Highway in the city of Baton Rouge, between a pickup truck, owned and driven by Harvey L. Thompson and a sedan owned and driven by Robert C. Cottle. The plaintiff was an employee of Thompson and was riding in the bed of the pickup truck.
Scenic Highway runs north and south, is of concrete surface composed of four lanes, two for accommodation of southbound traffic and two for northbound traffic. Choctaw Road is a street that runs east and west and Monroe Street extends eastward from Scenic Highway. Between Choctaw Road and Monroe Street is a railroad that crosses Scenic Highway. This railroad is about 25 feet south of Choctaw Road and 60 to 75 feet north of Monroe Street, and runs parallel to Choctaw Road.
Prior to the collision, both Cottle and Thompson were proceeding east on Choctaw Road with Cottle in the lead. Both stopped in a line for a traffic signal on Choctaw at Scenic. When movement was permitted by the traffic signal, Cottle turned right into the outside or right traffic lane- and Thompson also turned right on Scenic Highway, however, he drove into the inside or left southbound lane. Both drivers desired ultimately to turn left from Scenic Highway on to Monroe Street.
The learned trial judge found that the sole and proximate cause of the collision was the negligence of Robert C. Cottle. The following are the reasons assigned by him for his finding:
“From the evidence adduced on the trial of these cases it is evident that the cause of the accident sued on was due to the negligence of Robert C. Cottle, defendant, and that Harvey L. Thompson, in whose pickup truck plaintiff, Joe Kinchen, was driving [sic] (riding) was entirely free of negligence. The negligence of Robert C. Cottle occurred when he attempted to execute a left turn from the outside or westermost of Scenic Highway’s two southbound lanes across the easternmost or inside of Scenic Highway’s two southbound lanes at a time when *381 he should have seen a pickup truck driven by Harvey L. Thompson being driven south in the inside or easternmost lane of Scenic Highway’s two southbound lanes and should have realized that in making such a maneuver would cause a collision to occur between said pickup truck and his Oldsmobile automobile.”
We conclude, from our perusal of the record, as did the trial judge, that the negligence of Robert C. Cottle was the sole and proximate cause of the collision.
Defendants argue that the driver of the vehicle in which plaintiff was riding violated R.S. 32:235B [now LSA-R.S. 32:101 (1)]. It is their argument that Cottle complied with the directive of this statute but that Thompson did not and that the violation of this statute was negligence per se and the legal cause of the accident. Conceding, arguendo, that Thompson violated this statute, we fail to find any causal connection between Thompson turning right into the left southbound lane of Scenic Highway and this accident.
Defendants further complain of the trial court’s ruling, claiming that its judgment was based on the fact that Cottle did not see the pickup truck prior to impact. This contention is based on the alleged negligence considered above in that Cottle had a right to assume that Thompson had turned right in the same lane that Cottle had turned into when both entered Scenic Highway. This negligence of Cottle is a proximate cause of the accident. He, Cottle, had no right to change lanes, that is from right to left, without first making sure that it would not interfere with the operation of a vehicle in said left lane. Had Cottle looked to the rear he would have seen that the movement could not have been made without encroaching on the rights of Thompson.
Further, defendants contend that the accident was caused by Thompson following Cottle at an unsafe distance. There can be no merit to this contention for two reasons. In the first place, the two drivers were in different lanes of Scenic Highway; the other reason is that the interval between Cottle and Thompson was made unsafe, not by the action of Thompson, but by Cottle cutting abruptly in front of Thompson.
Defendants have cited tire cases of Dixie Drive it Yourself System v. American Beverage Company, (1962) 242 La. 471, 137 So.2d 298; and Footer v. Phoenix Insurance Co. (1962) La.App., 146 So.2d 647. Neither have any application to the facts of this case.
We find no negligence on the part of Joe Kinchen in riding in the bed of the truck. R.S. 32:249 [now LSA-R.S. 32:-284, subd. B] prohibiting persons from riding on running boards, fenders or rear racks of motor vehicles, etc., was not intended and does not prohibit a person from riding in the bed of a pickup truck.
Defendant cites Jack v. Sylvester (1963) La.App., 150 So.2d 789, as authority to hold plaintiff guilty of contributory negligence. The factual situation in the cited case does not admit of analogy. In the cited case the plaintiff was crouching on the floorless rack of the rear of a truck and was holding on with only one hand. The court found that the truck was pulled through the mud for some distance at which time plaintiff slipped or fell from his-perch. There was no known danger that Joe Kinchen was exposing himself to, and he cannot be said to have assumed the risk of defendant’s negligence.
As to the damages awarded plaintiff, we find that he had an injury to one of his knees, a bruised mouth and a contusion on the frontal portion of his head. He claimed he was knocked unconscious in the accident. We believe no useful purpose will be served in reviewing the doctors’ testimony. He was examined by an orthopedist and a neurosurgeon, neither of whom found any objective signs or symptoms of *382 injury. The general practitioner saw him a total of sixteen times over a period of about 18 months. This doctor testified that he discharged him to return to work on December 16, 1960. He was unable to work for a period of eight and one-half weeks. We find that the trial court’s award of $500 for physical pain and suffering to be inadequate, and we increase it to $1,250.
Plaintiff’s doctor testified that in his opinion plaintiff could have returned to work on December 16, 1960. Trial court’s allowance of $100 for loss of wages should be increased to $148.75, this being the difference between his workmen’s compensation rate of $32.50 and wages of $50 per week for the eight and one-half weeks. He is entitled to recover the doctor’s bill of $50 as allowed by the trial court.
Accordingly, the judgment of the trial court is amended to award plaintiff the total sum of $1,448.75, and as amended, it is affirmed at defendants’ cost
Amended, and as amended, affirmed.

. Consolidated for trial with this case is that of Hartford Accident and Indemnity Co. v. Cottle et al., La.App., 173 So.2d 378, decided this date.