AYRES, Judge.
By this action in tort plaintiff seeks the recovery of damages for personal injuries to herself and property damage to her car, sustained in a motor-vehicle collision December 28, 1964, at the intersection of Center Street and a private driveway in the City of Winnfield. Involved were plaintiff’s Pontiac, in which she was proceeding in an easterly direction on Center Street, and a Ford owned and operated by Mrs. Ñola M. Davis, who was proceeding in a southerly direction from a private driveway into Center Street. Made defendants were Mrs. Davis and her insurer.
In view of the rule that a driver of a vehicle entering a street from a private driveway must make appropriate observation of traffic conditions on the street and', proceed with caution, it was concluded by the trial court that Mrs. Davis’ failure in-these respects was negligence constituting’ the sole cause of the accident. Accordingly, plaintiff was awarded judgment and. defendants prosecute this appeal therefrom:.
Negligence specifically charged to Mrs’.. Davis consisted of her failure to maintain-a proper lookout, in entering the street from a private driveway, and in encroaching upon the eastbound traffic lane thereon without regard to traffic conditions, especially as to the approach of plaintiff’s automobile. Countercharges consisting of excessive speed, failure to maintain a proper lookout or to keep her vehicle under control, and in crossing over into her left, or wrong, side of the street and striking defendant’s automobile were directed to plaintiff.
No dispute exists as to the principles of law involved. The issues, factual in character, must be determined from the facts established in the record.
The traveled portion of Center Street, of asphalt surface, was, according to evidence of measurements offered by plaintiff, Id feet in width, but, by that offered by defendants, 19 feet and 10 inches. Graveled shoulders of an undetermined width bordered both sides of the pavement. The driveway from which Mrs. Davis drove was located some 50-60 feet east of the street’s intersection with Grove Street where plaintiff made her entry into Center Street and thereafter proceeded easterly to the scene of the accident. No line marked the center of the street.
We find no basis for disagreement with the conclusions reached by the trial court that Mrs. Davis was negligent. Mrs. Davis’ view of the street to her right, as she ap *61 proached on the driveway, was obstructed by the presence of a warehouse building. Nevertheless, while she stopped before making her entrance into the street, she did not, and apparently could not, make proper observation of the traffic approaching from her right. As she entered the street intending to turn, and in a manner turning, toward her right, Mrs. Davis’ attention was called by a passenger in her car to the approach of plaintiff’s vehicle, whereupon, momentarily before the collision, Mrs. Davis observed the approach of plaintiff’s vehicle and stopped her car. Thus, it is obvious that she made no proper observation before entering the street.
The important question is whether plaintiff was guilty of negligence constituting a contributing cause of the accident and because of which she would be barred from recovery of damages. The testimony in this regard establishes that, as Mrs. Holley entered Center Street, she proceeded easterly to the scene of the accident, whereupon, on colliding with the Davis vehicle, her car swerved to the right and continued approximately SO feet farther, where, on leaving the street, it struck and shattered a telephone pole. Plaintiff testified that, after entering Center Street, she saw some children playing to her right, near the street, and that her attention thereafter was directed toward the children because of fear they might run into the street. She admits she did not look to the left or make any other observation as to traffic conditions on the street.
While there is some dispute as to the location on the street of the scene of the impact, it can only be concluded from the evidence that if the accident did not happen entirely in the north half of the traveled portion of the street plaintiff’s car was at the time, at least, partially across the center line. Mrs. Davis and her two companions in the car at the time of the accident testified that the accident occurred in the north half of the highway. The testimony of the investigating officer, as well as the physical facts of the dirt and debris falling from the cars in the impact, corroborates defendant’s testimony as to the location of the accident. Plaintiff, however, testified that she never, at any time, reached the center of the street. This testimony cannot prevail in light of the physical facts and the testimony to which we have referred, especially in view of plaintiff’s admission that her attention was directed solely to the presence of the children to her right on the side of the street.
We therefore conclude that plaintiff was not keeping or maintaining a proper lookout and that she was not observant of traffic conditions on the street, and, moreover, that she veered her car to her left to, at least, the center of the street so as to increase her distance from the children who were playing nearby. This nonobservance of traffic conditions and veering her car, at least, partially into the opposite traffic lane constituted contributory negligence.
For the reasons assigned, the judgment appealed is annulled, avoided, reversed, and set aside; and, accordingly, plaintiff’s demands are rejected and her suit dismissed at her cost.
Reversed.