LANDRY, Judge.
This action arises from an automobile accident involving three motor vehicles, only two of which were in collision with each other. The 1953 Plymouth automobile owned by plaintiff, Charles C. Ginlee, parked on the shoulder of a highway near Ponchatoula, Louisiana, was struck by a Studebaker, owned by defendant Aimee Helg, and operated by her minor son, Jimmie Lessard, while the Studebaker was attempting to pass a school bus operated by Lionel J. Kupper. Finding the negligence of young Lessard to have been the sole proximate cause of the collision, the Trial Court rendered judgment in favor of plaintiff for personal injuries and property damages against Mrs. Helg and her insurer, from which judgment defendants have appealed. We believe our colleague below erred in permitting plaintiff recovery herein.
Plaintiff filed this action against Jimmie Lessard, Mrs. Helg, and Mrs. Helg’s liability insurer, State Farm Mutual Automobile Insurance Company, alleging Les-sard was negligent in 1) failing to maintain a proper lookout; 2) failing to have his vehicle under proper control; 3) negligently driving his vehicle into the rear of plaintiff’s vehicle which was parked on the shoulder of the highway and out of the line of traffic; 4) operating his vehicle in a careless, reckless and unsafe manner in view of existing traffic conditions; and 5) driving at an excessive rate of speed.
Contending a school bus in front of Les-sard veered across the center line and caused him to strike the parked vehicle, defendants averred the collision resulted solely from the negligence of Lionel J. Kup-per, the operator of the bus, in suddenly and without warning turning into the passing lane of traffic across the path of the overtaking Lessard vehicle, thus creating an emergency or trap. More particularly, defendants contend Kupper 1) did not have the school bus under control; 2) suddenly *357 and without warning turned the bus into the westbound lane without any reason whatsoever; 3) failed to maintain a proper lookout; 4) neglected to heed a warning signal given by Lessard indicating his intent to pass the school bus; 5) failed to see that the westbound lane of traffic was clear before driving the school bus into it; and 6) created a hazard, a trap and an extremely dangerous situation from which Lessard could not escape. Alternatively, by third party petition against Kupper and his liability insurer, Employers’ Fire Insurance Company, third party plaintiffs allege the contributory negligence of Kup-per in the event Lessard be found guilty of negligence.
Kupper and his insurer answered denying the allegations of the third party petitioners, alternatively alleging the contributory negligence of Lessard in driving in a dangerous manner at an excessive rate of speed, and in allowing his Studebaker to go out of control.
All defendants pleaded the contributory negligence of plaintiff, contending he was illegally and improperly parked, partially blocking the traveled portion of the roadway, and suddenly and without warning, as the school bus approached, opened the door of the Plymouth so as to cause the door to extend further over into the traveled portion of the roadway.
By amended petition, plaintiff alternatively alleged the accident resulted from the contributory negligence of Kupper in creating an emergency in suddenly maneuvering his school bus into the passing lane of the highway without first observing whether it was safe to do so, and failing to first signal his intention to change lanes.
Mrs. Helg and her insurer prosecute this appeal, alleging the negligence of the school bus driver was the sole proximate cause of the collision. Plaintiff also appealed to protect his action against the operator of the bus in the event this Court should find evidence of the bus driver’s negligence.
Purely factual issues are presented by these appeals, necessitating discussion in some detail of the evidence adduced in the trial court.
Plaintiff, who was 73 years of age at the time of the accident, testified he was driving his automobile easterly on Louisiana Highway 22 toward Ponchatoula at approximately 7:45 a. m. on the morning of April 7, 1964. He stated he pulled off the highway on the south shoulder into a driveway to retrieve a tin can that was rattling in the back of the car. He stopped his vehicle in the driveway, parallel to the roadway, approximately four or five feet south of the south edge of the surfaced portion of the roadway. After placing his vehicle in gear he alighted therefrom on the driver’s side and entered the rear seat closing the door behind him. At the moment of impact he placed himself completely in the rear of the vehicle with one hand on the door handle and the other holding the can. He further stated the impact caused his hand to push down on the door handle thus opening the door and ejecting him from the vehicle onto the highway. The blow, according to plaintiff, propelled his vehicle forward about 20 feet.
At one point in his testimony plaintiff stated he saw the school bus pass as he dismounted from his automobile. Subsequently he stated he was in the rear of the car reaching for the can when he observed the approaching bus. While he never saw the Lessard vehicle prior to the collision, he heard the squeal of its brakes and thereby assumed it was being operated at an excessive rate of speed.
The bus driver, a Mr. Kupper stated that approximately one-half mile west of the scene of the accident he had turned onto Highway 22 from a dirt road known as “Pumpkin Center Road.” He was proceeding easterly at a speed of 30 to 35 miles per hour with his bus crowded with high school students. He observed plaintiff’s vehicle parked on the shoulder very near the ;edge of the surfaced area of the high *358 way. The back door of plaintiff’s car was open extending approximately two feet over the blacktopped portion of the highway. Kupper also observed a man standing with his feet on the blacktop, leaning into the rear seat of the parked car. Kupper acknowledged his awareness of the presence of the Lessard vehicle stating he knew it had been following him along Pumpkin Center Road and continued to follow him as he proceeded along Highway 22. Upon observing plaintiff’s vehicle and seeing no oncoming traffic, Kupper directed his vehicle to the left approximately two feet across the center line of the highway to avoid striking plaintiff who was standing on the traveled portion of the road, his head inside the rear of his car. As he crossed into the passing lane, Kupper heard the application of brakes behind him. Looking into his rear view mirror he saw the Lessard car cross the highway and strike the parked vehicle. Kupper conceded that when he crossed the center line he knew there was a car following his bus. He also stated his vehicle was equipped with three rear view mirrors, one inside the bus and one on each side of the front exterior. He used the inside mirror which sighted through the interior of the crowded bus. After observing the collision, he stated, “I saw him going across and hit the other car. I just kept on going because I wasn’t involved.”
In substance defendant Jimmie Lessard testified he was driving his car along Pumpkin Center Road behind the bus and attempted several times to pass but the bus would not pull over in response to his horn blowing. He waited therefore until the bus reached the highway to make the passing maneuver. Observing no oncoming cars on Highway 22, he again blew his horn and began to pass. When the front wheels of his vehicle were about even with the rear wheels of the bus, the latter vehicle pulled into the passing lane. To avoid the bus, Lessard applied his brakes and turned sharply onto the north shoulder of the road opposite the side on which plaintiff’s car was parked. His vehicle skidded on the loose dirt and gravel, went out of' control and veered at a sharp angle across the roadway into plaintiff’s car. As his car skid across the roadway, he observed plaintiff stooping down near the back door with his hands inside the car and his feet on the roadway. He was aware he could not prevent a collision but successfully avoided striking plaintiff by turning his steering wheel hard to the right to hit the rear of the parked vehicle instead. According to Lessard, he did not see plaintiff’s parked car • either prior to or during his passing maneuver until he applied his brakes. He also testified his vehicle, an old Studebaker, was not capable of a speed in excess of SO miles per hour. Before attempting to pass, he was traveling about 35 miles per hour but accelerated to 45 in order to get by the bus.
The investigation officer, Trooper C. E. Chandler of the Louisiana State Police, testified the highway in question is a two lane, blacktopped highway, the traveled portion of which is hardsurfaced to a width of 18 to 20 feet. He further stated the road is bordered by narrow shoulders sloping to the ditches on either side. In addition, he testified the accident occurred on a clear, dry day. According to Chandler, the speed limit on the highway was 60 miles per hour. His investigation disclosed the impact took place on the south shoulder of the roadway and plaintiff’s vehicle had been propelled forward an indeterminate distance by the blow. He also found 108 feet of skid marks left by the Lessard car, commencing upon the north or right shoulder, extending thereon a distance and then veering sharply across to the right side of the highway to the point of impact. He found plaintiff’s vehicle partially in a driveway that intersects the south shoulder of the road at right angles, the rear of the car at an angle to the roadway. Chandler recollected that all wheels of the Plymouth were completely off the highway. He concluded, however, that when struck, plaintiff’s car was so close to the roadway that, *359 the door, if left open, would extend over the roadway. He observed that plaintiffs vehicle was struck center rear by the left front fender of the Lessard car. He was of the opinion the physical evidence confirmed Lessard’s version of the accident to the effect the accident occurred as Lessard was in the act of passing the bus. Chandler further stated that following the accident Lessard told him he was driving approximately 60 miles per hour at the time.
Barney Ratcliff, a motorist who happened by shortly after the accident, testified in essence that he observed skid marks made by the Lessard car. He also stated that from his observation the collision occurred on the shoulder of the road. He took no measurements.
Wilson Gatlin, a student at Ponchatoula High School, who occupied the second or third seat of the left rear of the bus, was facing toward the rear and observed the accident. He stated the bus changed lanes just as Lessard attempted to pass. He saw the Studebaker when it swerved across the road and struck plaintiff’s car. Frankly admitting he had forgotten many of the details of the accident, he nevertheless stated he thought the Plymouth was parked off the roadway and that the door was open and may have protruded over the highway. He was of the opinion he saw a man seated in the rear of the parked automobile.
Another occupant of the bus, David Larry Delaune, seated in the rear near Gatlin and also facing the rear, testified in effect that as Lessard attempted to pass, the bus veered to its left across the center line to miss the parked vehicle. He stated the Studebaker began skidding when its brakes were applied and ran into the parked Plymouth. He also stated the Lessard car was completely in the passing lane when the bus veered to its left. He first noted the parked car at the moment of impact and was of the opinion it was parked half on the roadway with one of its doors completely open extending into the highway. He estimated the speed of the Lessard car at 40-45 miles per hour as it attempted to pass the bus.
Mrs. Carey Adams, a neighbor of Mrs. Helg, drove Mrs. Helg to the scene shortly after the accident occurred. In substance she testified she found both vehicles partially on the roadway. She also stated that she spoke with plaintiff who told her he was not hurt in the accident because he was not in the car at the time of impact.
Mrs. Helg’s testimony may be summarized by stating that plaintiff told her he was not hurt in the accident.
Karen Lynette Schaffer, an occupant of the bus, seated in the second to last seat of the right rear of said vehicle, facing toward the back, testified she was aware the Les-sard car had been following the bus for some time. She stated that as Lessard started to come around the bus, the bus went a little ways across the center line whereupon Lessard swerved to avoid a collision. She saw the Studebaker go upon the left shoulder, commence throwing dirt and rocks as its wheels skid and then veer across the road into the parked car. She conceded being confused as to other details, but vaguely recalled the doors of the parked car were shut before the accident.
Glen Dorman Meades, seated on the next to last seat from the rear of the bus on the left side facing the rear, testified Lessard had been following the bus a distance of about three car lengths. Lie observed the collision and stated that the parked vehicle was located partially on the highway at the moment of impact. He also stated he observed a person standing by the parked car and that the individual appeared to be kneeling or stooping down. He was certain one door on the left side of the parked car was open. When the Lessard car struck the parked vehicle, the force of the blow knocked the person beside the vehicle away from the side of the car onto the highway.
Our brother below placed the entire blame for the accident upon Lessard for carelessly attempting to pass the school bus and *360 losing control of his vehicle because of excessive speed. He concluded plaintiff was free of negligence in parking his car on the ; shoulder of the road and the bus driver was likewise guilty of no negligence in veering to the left to avoid the parked vehicle.
After reviewing the transcript herein, we conclude the trial court erred in awarding plaintiff damages inasmuch as the record discloses contributory negligence on plaintiff’s part as alleged by defendants.
Granted the testimony is conflicting, we nevertheless find the evidence does not support plaintiff’s contention he was in the rear of his vehicle parked some four or five feet off the roadway at the moment of impact. Rather we hold the evidence preponderates in favor of the conclusion plaintiff, at the time of collision, was standing on the surfaced portion of the highway reaching into his vehicle through its open rear door and that the vehicle was parked either partially on or in such proximity to the traveled portion of the road that its rear door extended into the adjoining lane of travel. We are of the further opinion that plaintiff’s dereliction in either regard was negligence of the grossest sort. In addition we find such negligence was a proximate cause of the accident considering it set off a chain of events which led in unbroken succession to the occurrence of the accident.
If plaintiff’s vehicle was actually parked partially upon the highway, he was in violation of LSA-R.S. 32:141 which prohibits a motorist parking on the traveled portion of a highway when it is practicable to park elsewhere, unless his vehicle is disabled. Since plaintiff’s car was not disabled, he was negligent if he in fact parked partially upon the highway. Bertrand v. Trunkline Gas Company, La.App., 149 So.2d 152.
If plaintiff were not in fact parked on the traveled portion of the highway, his standing upon the roadway and leaning into the rear thereof through its open door, heedless of traffic upon the highway, while the vehicle was parked immediately adjacent to • the roadway, was negligence equally as gross as if the vehicle were actually standing upon the highway. In either case, plaintiff’s negligence bars his recovery.
It is settled law that one whose neg- . ligence contributes to an accident may not recover for personal injuries or property damages sustained as a result thereof. Holley v. Traders & General Insurance Company, et al., La.App., 181 So.2d 59.
In urging affirmation of the judgment against Mrs. Helg, her minor son and insurer, counsel for plaintiff places great reliance upon the fact that counsel for said defendants in brief concedes the trial court was correct in concluding plaintiff’s vehicle was parked completely off the highway. While it is indeed so conceded, affirmation of the judgment does not necessarily follow. It is to be noted that defendant expressly pleaded plaintiff’s contributory negligence in parking his vehicle alongside the roadway in such fashion that the open door extended over the traveled surface of the highway. That the door did in fact so extend is amply shown by the testimony. Additionally, the testimony regarding plaintiff standing upon the highway at the time of impact was admitted without objection. Such circumstance had the effect of enlarging the pleadings permitting consideration of such circumstance as contributory negligence on plaintiff’s part. Guarisco Motor Co. et al. v. Carline, La.App., 28 So.2d 364.
The views herein expressed eliminate the necessity of considering the third party demands of the various defendants in the main demand.
Accordingly, the judgment of the trial court is reversed insofar as it awarded plaintiff judgment against defendants, Mrs. Aimee Helg, Jimmie Lessard and State Farm Mutual Automobile Insurance Com- . pany, and judgment rendered herein in favor of said defendants dismissing the de *361 mands of plaintiff, Charles C. Ginlee, at said plaintiff’s cost. In all other respects the judgment of the trial court is affirmed.
Affirmed in part, reversed in part and rendered.