HARDY, Judge.
This is a suit by husband and wife for the recovery of damages resulting from an automobile-train accident. After trial there was judgment in favor of plaintiff wife in the sum of $7,500.00, for personal injuries, and in favor of plaintiff husband in the sum of $920.82 as compensation for property damage, medical expenses, etc., and from this judgment defendant railway company has appealed.
The accident occurred on the night of May 24, 1964, at a point located in the Village of Calvin, Winn Parish, where the tracks of defendant, Louisiana and Arkansas Railway Company, run in an east and west direction across Louisiana Highway #156. An automobile driven by the plaintiff husband, Reverend McDaniel, moving north on the highway stalled on defendant’s track. Plaintiff husband was accompanied by his wife, seated in the center of the front seat, and a young boy about fifteen years of age who was seated on the right-hand side of the front seat. It is clear from the testimony of the three occupants of the car that the automobile hung on one of the rails of defendant’s track in such manner that it could neither be moved forward nor in reverse by reason of the fact that the wheels were spinning, and, therefore, could get no traction on the surface of the highway. After unavailing efforts to move the car under its own power by shifting the transmission into forward and reverse speeds, the parties got out of the automobile and at or about this time observed the approach of a train from the east. It appears that some effort was made to push the automobile off the tracks without avail. There is- also some testimony to the effect that both plaintiff husband and young Smith attempted to flag the train. The train crew observed the automobile on the track and the engineer applied the emergency brakes, despite which action the train struck the automobile. Mrs. McDaniel, who for some unknown reason, had not reached a place of safety, was struck by the automobile and' sustained the physical injuries for which-she sought recovery in this suit.
Plaintiffs charged negligence against defendant in several particulars with respect to the operation of the train, and further in defendant’s failure to properly maintain the crossing.
In an extensive written opinion the district judge rejected the charges of negligence related to the operation of the train-but concluded that defendant was guilty of negligence in failing to maintain its-crossing in a reasonably safe condition, which negligence was the proximate cause-of the accident.
We find no necessity for recapitulating the testimony of the witnesses who-were called by the parties plaintiff and defendant. It suffices to say that after careful examination of the record we are in complete accord with the conclusions, of the district judge which rejected the charges of negligence relating to the operation of defendant’s train but found that the crossing was not safe by reason of defendant’s failure of proper maintenance. Despite the contradictory testimony of witnesses for plaintiffs and defendants there can be no doubt that the evidence substantially preponderates in favor of plaintiff’s contention. The rails of defendant’s track had been raised several inches about fifteen months prior to the occurrence of this accident, but it does not appear that the ballast on either side and between the rails had been correspondingly raised. In any event, the preponderance of the testimony establishes the fact that there were holes on each side of the track and between the rails which could, and in this instance undoubtedly did, cause the chassis of the McDaniel car to be suspended on one of the rails.
It is the long established and uniform jurisprudence of our State that railroads are required to construct and maintain highway crossings in such man *121 -ner as not to impede or obstruct the safe :and convenient passage of highway travel. This principle is not questioned by counsel for appellant. The law does not require -the maintenance of a smooth surface, but, in our opinion, it is well established in ■ this case that the crossing was not merely rough but actually dangerous. We cannot . agree with counsel’s argument that the cause of the stalling of the McDaniel automobile is mysterious or speculative. The ■ testimony admits of only one reasonable and logical interpretation, namely, that the front wheels of the car after crossing one of the rails dropped into a hole which • caused the underside of the vehicle to contact the rail in such fashion as to suspend ■ the vehicle in a position which would not permit the effective traction necessary for the car to be moved under its own ■ power.
Nor is the contention that the trans- ■ mission of plaintiff’s automobile was defective entitled to serious consideration, ■ there being no proof to this effect.
Counsel for appellant urges con- • tributory negligence on the part of Rev- • erend McDaniel and invokes the presump- ■ tion of negligence resulting from the stalling of a vehicle. This presumption is effectively controverted by the established • facts as noted, supra.
Of more serious import is the plea of • contributory negligence urged against Mrs. McDaniel on the ground that she failed to remove herself from a place of obvious • danger and remained on or near the track • despite her observation of the approach of defendant’s train. There can be no ques- ■ tion of the fact that Mrs. McDaniel had ■more than ample time to remove herself from a place of danger, but it is equally ■ clear that she failed to do so. Accordingly, we have carefully examined the record in the attempt to determine some reason for •this failure, but without success.
The testimony on this point is extremely '¡limited. Of primary importance is the testimony of Mrs. McDaniel which was that upon disembarking from the stalled vehicle she saw the train and commented "* * * there comes a train, let’s run.” Mrs. McDaniel testified that after making this remark she "went blank”, “froze”, “blacked out”, and remembered nothing until after she recovered consciousness in the hospital. The only other testimony in any degree pertinent to this point was given by members of the train crew who testified that immediately before the impact they saw the figure of a person standing on the far side of the automobile near the front fender with hands extended above the vehicle.
It is important to note that the plea of contributory negligence is an affirmative defense; C.C.P. Article 1005, Gilliam v. Lumbermens Mutual Casualty Co., 240 La. 697, 124 So.2d 913; Landrum v. United States Fidelity & Guaranty Co. (La.App. 3rd Cir., 1963), 151 So.2d 701.
It is also well established that the party pleading contributory negligence bears the burden sf establishing fads which support such plea; Bogasky v. Falsetta (La.App. 1st Cir., 1966), 189 So.2d 98; Sims v. Sims (La.App. 1st Cir., 1965), 181 So.2d 449.
The record is barren of any evidence establishing facts which would support a finding of contributory negligence, and, therefore, this plea must be rejected.
Appellant also complains of the “manifestly excessive” award of damages in favor of Mrs. McDaniel. According to the testimony of her attending physician, Mrs. McDaniel sustained multiple abrasions and bruises to the entire body, a torn cartilage of the knee joint, and a concussion. Mrs. McDaniel was hospitalized for a period of eleven days and her physician testified that she suffered severe pain for a period of approximately two weeks, and recurrent periods of moderate pain thereafter, which were continuing on the date *122 of trial some eighteen months after the accident. Mrs. McDaniel suffered some residual disability of the left knee, variously estimated by the expert medical witnesses at from 5 to 15% of the whole of the leg.
After careful consideration we fail to find any basis for a conclusion that the award made by the trial judge constituted an abuse of his discretion in the assessment of damages; Ballard v. National Insurance Company of Omaha, Nebraska, 246 La. 963, 169 So.2d 64; Gaspard v. LeMaire, 245 La. 239, 158 So.2d 149.
For the reasons assigned the judgment appealed from is affirmed at appellant’s cost.