SANDERS, Justice.
 

 Plaintiff, Charles C. Ginlee, sued for damages sustained when a passing vehicle struck the rear of his automobile, while it was parked on the shoulder of the highway. Made defendants were Mrs. Aimee Helg, mother of the minor driver of the colliding vehicle; her liability insurer, State Farm Mutual Automobile Insurance Company; Lionel J. .Kupper, driver of a Tangipahoa Parish School Bus, which the Helg automobile attempted to pass at the scene of the collision; and his insurer, Employers’ Fire Insurance Company. By third party demand, Mrs. Helg and State Farm sought contribution from Kupper and Employers’, alleging the concurrent negligence of Kupper in the operation of the school bus.
 

 The defendants pleaded the contributory negligence of plaintiff. Mrs. Helg and State Farm alleged that Ginlee caused the collision by opening his automobile door across the highway. Kupper and his insurer, however, charged that plaintiff parked his automobile partially on the traveled
 
 *266
 
 portion of the highway, negligently opened the door so that it extended farther into the lane of traffic, and was otherwise negligent in blocking the highway.
 

 The district court rendered judgment in favor of plaintiff Ginlee in the sum of $1995.85 against Mrs. Helg and State Farm, in solido. It dismissed the suit and the third party demand against Kupper and Employers’. Plaintiff and defendants Mrs. Helg and State Farm appealed.
 

 The Court of Appeal concluded plaintiff was contributorily negligent and reversed the trial court’s judgment in favor of plaintiff, but otherwise affirmed. 194 So.2d 355. On plaintiff’s application, we granted certiorari to review the Court of Appeal judgment. See 250 La. 176, 194 So.2d 738.
 

 The automobile collision occurred on State Highway 22 near Ponchatoula, on April 7, 1964, at about 7:45 a.m. The weather was clear. The two-laned, blacktopped highway ran east and west. A white center line separated the travel lanes. At the place of collision, the highway was level and straight, with a speed limit of 60 miles per hour.
 

 Plaintiff Ginlee, traveling east toward Ponchatoula, stopped his automobile to remove a rattling can from the back seat. Ginlee testified that he parked on the south shoulder, four or five feet beyond the surfaced portion of the highway. After killing the motor and putting the car in gear, he stepped out of the car and re-entered through the back door next to the highway. After re-entering he closed the door. While he was holding the door handle in one hand and the can in the other, a Studebaker automobile, driven by Jimmy Lessard, struck the rear of his car. The impact caused his hand to push on the door handle. The door fell open, and he was thrown from the car.
 

 Events preceding impact were crucial: A school bus, driven east by Lionel J. Kupper, approached plaintiff’s automobile. The Lessard-driven Studebaker followed the bus. Kupper was aware that Lessard was driving behind him. While the bus was in its proper lane, Lessard commenced a passing maneuver. Lessard did not see plaintiff’s parked automobile. As the school bus neared the parked automobile, Kupper moved from his lane of traffic across the center line, without signaling or ascertaining the location of the Studebaker behind him. Lessard drove' on the left shoulder of the highway and applied his brakes. The school bus continued past the parked automobile. Lessard, however, lost control of his car and it went across the highway striking the rear of the parked vehicle. The investigating officer found that his skid marks measured 108 feet. Lessard told the officer he was driving about sixty miles an hour.
 

 
 *268
 
 The school bus driver explained that he crossed the center line about two feet to avoid striking or endangering plaintiff, who was standing by the rear open door of his automobile parked partially on the travel surface. The testimony conflicts as to whether plaintiff’s automobile was parked on or off the highway, whether the rear door was opened or closed, and whether plaintiff was in or out of the automobile. The plea of contributory negligence turns on these factual determinations.
 

 Contributory negligence is an affirmative defense and the burden rests upon the defendant to establish the essential facts by a preponderance of evidence. Theunissen v. Guidry, 244 La. 631, 153 So.2d 869; D & D Planting Co. v. Employers Casualty Co., 240 La. 684, 124 So.2d 908.
 

 On the issue of contributory negligence, the trial judge found:
 

 “The évidence, as well as the pleaded admission of defendants, establishes the Ginlee "vehicle was on the right shoulder of his side" of the road; the proof preponderates to the effect that Ginlee was in the'Back seat of his car at time of impact with his hand" on the door handle, and that he was knocked out of his car onto the pavement by the force of the collision; that the Ginlee car was stationary when it was' struck from the rear; ' and Ginlee was free from any negligence whatsoever.”
 

 Conceding that the testimony was in conflict, the Court of Appeal upset this factual determination and found plaintiff was standing on the surfaced portion of the highway reaching into his automobile through its open rear door and that the automobile was parked partially on or so close to the traveled portion of the highway that its rear door extended into the adjoining travel lane. We disagree with the finding of the Court of Appeal.
 

 Defendants Mrs. Helg and State Farm admitted in their answer that plaintiff’s automobile was parked entirely on the shoulder of the highway. Although the other defendants denied this in their pleadings, the evidence strongly preponderates that plaintiff had stopped his automobile completely off the traveled portion of the highway.
 

 The remaining factual question is more difficult: whether plaintiff was standing on the highway with the rear door open extending into the lane of traffic, as maintained by defendants, or whether he was inside the vehicle with the door closed, as maintained by plaintiff. The testimony is in serious conflict. A resolution of the question necessarily depends to some extent on the credibility of the witnesses. Under these circumstances, considerable weight must be given to the find-’
 
 *270
 
 ing of the able trial judge, who saw and heard them testify. See Town of Slidell v. Temple, 246 La. 137, 164 So.2d 276; Pittman Contracting Co. v. City Home Builders, 211 La. 549, 30 So.2d 426; and Meridian Land & Mineral Corp. v. Bagents, 211 La. 627, 30 So.2d 563. In our opinion, the persuasive force of the opposing testimony is insufficient to justify a reversal of the trial judge’s factual finding. A defense evaluation of the evidence fortifies this conclusion. In their Court of Appeal brief, Mrs. Helg and State Farm professed:
 

 “The trial court found that the evidence established that Mr. Ginlee had driven his vehicle entirely off of the right shoulder of the road and that at the time of the accident the door was closed. Appellants will not take issue with this finding by the trial judge as certainly there is testimony which amply supports this version of the accident.”
 

 We conclude the defendants have failed to sustain their burden of establishing contributory negligence. We adopt the factual finding of the trial court, that plaintiff had not obstructed the highway.
 

 Turning now to the charge of negligence against the other two drivers, we agree with the trial judge that, under the circumstances disclosed by the record, Lessard was negligent in failing to keep his vehicle under proper control and his negligence had a causal relation with the ensuing collision.
 

 The trial judge absolved the school bus driver, Kupper, from negligence. Our consideration of the pertinent law forces us to disagree with this conclusion.
 

 LSA-R.S. 32:104 provides:
 

 “No person shall * * * turn a vehicle from a direct' course' or 'move right or left upon a roadway unless and until such movement can be made with reasonable safety.”
 

 Before a vehicle may turn from one lane to another on a 'public highway, the driver must first ascertain whether or not he can do so without endangering overtaking vehicles. Under .varying circumstances, the courts have found the turning of a vehicle into another traffic lane in the presence of overtaking traffic to be actionable negligence. See, e. g., Johnson v. Wilson, 239 La. 390, 118 So.2d 450; Kinchen v. Cottle, La.App., 173 So.2d 379; Williams v. Lafauci, La.App., 166 So.2d 42; Crier v. Marquette Casualty Company, La.App., 159 So.2d 26; Crane v. London, La.App., 152 So.2d 631; Sanders v. Hisaw, La.App., 94 So.2d 486.
 

 Kupper knew Lessard was driving behind him. Yet, he made no effort to ascertain the exact location of the vehicle nor signal his change of direction before driving into the opposite lane. We con-
 
 *272
 
 elude that Kupper was also guilty of negligence that contributed to the collision. Plaintiff is therefore entitled to a solidary judgment against all defendants.
 

 No serious dispute exists as to quantum. Plaintiff Ginlee,
 
 73
 
 years old, sustained a fractured cortex of the sixth rib, contusions of the right chest and other parts of the body, an injury to his bladder, and bruises. Although his injuries were painful, they were only temporary. Including $1,500.00 for pain and suffering, the trial judge awarded a total of $1,995.85. By supplemental brief in the Court of Appeal, Mrs. Helg and State Farm pointed out a mathematical error in the trial judge’s computation of the total award. The items •aggregate $1,815.85, rather than $1,995.85.
 
 [1]
 

 We shall adjust the award accordingly.
 

 For the reasons assigned, the judgment of the Court of Appeal is reversed and set aside, and judgment is rendered in favor of plaintiff, Charles C. Ginlee, against the defendants, Mrs. Aimee Helg, State Farm Mutual Automobile Insurance Company, Lionel J. Kupper, and Employers’ Fire Insurance Company, in solido, in the sum of $1,815.85 and all costs of court. The expert witness fee of Dr. C. D. Alessie is fixed at the sum of $77.40 and taxed as costs.
 

 [1]
 

 . The items approved were: $1500 for pain and suffering; $120.85 for medical expenses; $100.00 for automobile damage; $75 for loss of a watch; and $20 for damage to clothing.