AYRES, Judge.
By this, action plaintiff seeks to recover damages sustained to his automobile and the loss of the use thereof while it was undergoing repairs, which damage and loss were allegedly occasioned in a motor vehicle collision between plaintiff’s Chrysler Imperial and defendant’s Buick.
*105 The accident occurred about 1:45 p. m. on July 20, 1969, on Philley Lane, a 2-lane asphalt-surfaced highway approximately 18 feet in width, a short distance north of Oak Grove in West Carroll Parish, Louisiana. The scene of the accident was near the entrance of a private driveway of T. W. Herrington, whose residence was located to the east of the highway which pursues a general north and south course. From the point of the accident there was no obstruction to one’s view toward or from the south for a distance of approximately one-half mile.
Plaintiff’s Chrysler, operated by his minor son, Henry Floyd Lawton, accompanied by Raymond Harris, another minor, was proceeding northerly on the highway. Upon approaching the Herrington driveway, defendant’s Buick, operated by Janie Abernathy, defendant’s minor daughter, accompanied by Alice Herrington, minor daughter of T. W. Herrington, was engaged in a backing movement on the driveway toward and eventually entering the highway. Miss Abernathy maneuvered and angled the rear of the car northward, or to her left, with the intention of proceeding south on the highway. The position reached by the rear of the Buick with respect to the center of the highway is controverted and not precisely established. The record is convincing, however, that the rear of the Buick only slightly extended beyond the center of the highway when it was struck by the Chrysler which, for some undetermined distance, had skidded sideways down the highway.
Numerous charges of negligence were directed to defendant’s minor daughter. These may properly be reduced to the single charge of backing her car from a private driveway onto the highway without first ascertaining the traffic situation on the highway and that her maneuver might be made in safety.
The defendant’s daughter’s negligence is conceded. Further comment upon her actions would be superfluous.
The defense is that plaintiff’s minor son was contributorily negligent in that he did not keep a proper lookout; otherwise he would have seen the car at least partially on the highway and could have avoided the accident by steering his vehicle into his left, or passing, lane and, if necessary, onto the shoulder of the highway. This, it is alleged, except for his excessive and unlawful speed, he had time and opportunity to do.
While we are not favored with reasons for the judgment rendered, obviously the trial court concluded plaintiff’s son was contributorily negligent. From a judgment accordingly rejecting plaintiff’s demands, he prosecutes this appeal.
At the time of the accident the weather was clear, dry, and hot. At the scene, the asphalt had, in a sense, “melted,” and the highway surface was slippery. Stopping conditions were unfavorable and poor. The testimony of Henry Lawton and of his companion as to Lawton’s speed was supported by the report made by the state trooper who investigated the accident. On his report, the trooper recorded that plaintiff’s driver’s speed was 65 m. p. h. The speed limit on the highway was 60 m. p. h. The trooper testified, however, that when he first arrived at the scene his thought was that Lawton’s speed was 80 m. p. h. He admitted there was no physical fact or other finding upon which this idea could be supported. One or two other witnesses testified Lawton’s speed was fast, but no estimate of the rate was made.
As heretofore noted, the testimony varied as to the distance defendant’s car extended onto the highway. The record does indicate, however, that the east, or northbound, traffic lane was completely blocked, and that defendant’s car extended slightly onto the west, or southbound, traffic lane. The evidence makes it clear that when Henry Lawton saw defendant’s car backing into the highway he applied his brakes with considerable force in an effort to bring his vehicle to a stop, but due to the *106 conditions of the highway, described as slippery, as aforesaid, he lost control of his car and skidded a distance of 195 feet to the point of impact. For an undetermined portion of that distance, the car skidded sideways and, in that manner, struck the right side of the Buick, the left side of which struck a mailbox post located some three or four feet east of the asphalt pavement and north of the driveway.
Contributory negligence is an affirmative defense (LSA-C.C.P. Art. 1005), and the burden of proof rests upon the defendant to establish the essential facts to support the plea by a preponderance of evidence. Ginlee v. Helg, 251 La. 261, 203 So.2d 714, 716 (1967); Theunissen v. Guidry, 244 La. 631, 153 So.2d 869 (1963); D & D Planting Co. v. Employers Casualty Co., 240 La. 684, 124 So.2d 908 (1960); Fontenot v. Fidelity and Casualty Co. of New York, 217 So.2d 702 (La.App., 3d Cir. 1969); McDaniel v. Louisiana & Arkansas Railway Company, 194 So.2d 119 (La.App., 2d Cir. 1967).
As was pointed out in Cone v. Smith, 76 So.2d 46, 49 (La.App., 2d Cir. 1954—writs denied):
“Negligence alone in the operation of a motor vehicle does not give rise to a cause of action; in order to be actionable the negligence must result in injury or damage and then liability may only be imposed if such negligence is the, or a, proximate cause of the injury; that is to say — the injury must be the natural and probable consequence of a negligent act or omission, which an ordinarily prudent man ought reasonably to have foreseen might probably result in injury.”
In the cited case, this court found:
“That Smith drove at a great, excessive and reckless rate of speed, which speed was in excess of fifty-five miles per hour, contrary to law, is subject to the requirements of law above stated and the factor of speed in order to create liability must not only cause the injury but must be a proximate cause of the injury. It is admitted that Smith was traveling at a speed of from eighty-five to ninety miles per hour when he first observed the approaching Robinson vehicle. After weighing every implication of this fact we still must find that the conduct of Robinson was the sole cause of the collision and the speed of the Smith vehicle was not a contributing factor.”
With reference to Robinson’s conduct in the cited case, the court made this comment :
“From undisputed evidence we feel justified in finding that the proximate cause of the accident was the act of Robinson in turning his automobile far to the left on the highway directly in front of Smith’s vehicle. It is also clearly shown Smith was alert to the danger and appropriately sought to avoid the collision. Counsel for appellee surmise that had plaintiff not been driving at such a high rate of speed he could have avoided the accident. Such an opinion finds no supporting facts in the record. The Negro’s car was turned directly in front of Smith without opportunity to avoid a collision. Such an assumption would be most speculative.”
In the instant case, the evidence establishes that Henry Lawton was alert in maintaining a proper lookout, for, upon seeing defendant’s car backed into the highway, he applied his brakes and skidded his car in an effort to avoid the accident. Although the condition of the highway was not favorable for stopping, nevertheless the distance traveled — had the stopping conditions been average — was insufficient, even at a lawful rate of speed, to have permitted plaintiff’s driver to stop and avoid the accident. Under poor conditions for stopping, such as the evidence disclosed existed in this instance, the braking distance exceeded by more than twice the distance traveled by Lawton after applying his brakes. “Mechanics of Control and Lookout in Automobile Law,” by the late Hoi- *107 lingsworth B. Barret, XIV Tul.L.Rev. 493, 503 (1940).
Nor do we find any merit in the charge that plaintiff’s driver had the last clear chance to avoid the collision. The rule is that the doctrine of last clear chance is applicable only when (1) a person has placed himself in a position of peril of which he was unaware or from which he was unable to extricate himself; (2) that the other could or should, by the exercise of reasonable care, have discovered the first’s peril, and (3) that the other, at the time, could or should, by the exercise of reasonable care, have avoided the accident. Jackson v. Cook, 189 La. 860, 181 So. 195 (1938); Gibson v. Vining Oil Company, 236 So.2d 632 (La.App., 2d Cir. 1970); Goodman v. Southern Farm Bureau Cas. Ins. Co., 216 So.2d 881 (La.App., 2d Cir. 1968; Evans v. Thorpe, 175 So.2d 418 (La.App., 2d Cir. 1965).
The factual basis for finding that the plea of contributory negligence was untenable has equal application to defendant’s contention that the driver of plaintiff’s vehicle had the last clear chance to avoid the accident, hut failed to do so. There is no showing that plaintiff’s driver could or should, by the exercise of reasonable care, have discovered defendant’s driver’s peril sooner, or that he had time, distance, and opportunity to prevent the accident.
The cost of repairing plaintiff’s automobile was $596.53. The testimony of the mechanic who made the repairs is uncon-troverted.
Claim for $200.00 for loss of the use of the automobile pending the repairs is unsupported by the evidence. There were three cars in plaintiff’s family. The damaged car was the one ordinarily used by plaintiff’s wife. During the time that car was undergoing repairs, she used the car customarily used by plaintiff, and he used the son’s vehicle. No third vehicle was rented, nor does the proof establish any need therefor or any loss resulting because the damaged car was unavailable for service.
For the reasons assigned, the judgment appealed is annulled, avoided, reversed, and set aside; and
It is now ordered, adjudged, and decreed that plaintiff, Douglas C. Lawton, have and recover judgment against the defendant, C. Alonzo Abernathy, in the full sum of $596.53, with 5% per annum interest thereon from judicial demand until paid, and for all costs, including the cost of this appeal.
Reversed and rendered.