SAMUEL, Judge.
This is a suit for personal injuries and property damages sustained in an accident involving two automobiles. Plaintiff is the father of a teen-age minor who was driving one of the vehicles. He seeks recovery, individually, for property damages and medical expenses and, as administrator of the estate of his minor daughter, for her personal injuries. Defendants, the driver of the other car and his automobile liability insurer, answered in the form of a general denial and alternatively pleaded contributory negligence. Following trial on the merits, there was judgment in favor of defendants, dismissing plaintiff’s suit. Plaintiff has appealed.
It was raining when the accident occurred at about 12:30 p. m. in a westbound or outgoing lane of Veterans Highway near its intersection with Causeway Boulevard in the Parish of Jefferson. Veterans is a major artery carrying traffic out of and into the City of New Orleans. At the site of the accident it is a four lane highway for westbound vehicles separated by a large drainage canal from four eastbound lanes.
Four eye witnesses testified regarding the accident: the driver of the plaintiff vehicle and her 10i/£ year old guest passenger ; and the defendant driver and his wife who was a passenger in his car. The record also contains the testimony of the investigating police officer.
The testimony of the young passenger in the plaintiff car is confusing and of little value. The plaintiff driver testified she was traveling in the extreme left lane at a speed of about 25 to 30 miles per hour. She slowed down, in her rear view mirror saw the defendant car about two blocks away, put on her turn indicator and changed to the adjoining lane to her right approximately 100 feet from the Causeway intersection. The traffic light at the intersection then turned yellow and she stopped for about 10 seconds when her vehicle was hit in the rear by the defendant car.
*832 In substance, the defendant driver and his wife testified: They were traveling in the lane next to the extreme left lane and slowed down from a speed of 25 to 30 miles per hour as they approached the Causeway intersection. Suddenly and without warning or signals of any kind, the plaintiff vehicle turned from the left lane into the lane in which they were traveling immediately in front of the defendant car. The defendant driver immediately applied his brakes and turned his front wheels to the right in an effort to avoid a collision but the car skidded on the wet road surface and the left front of his vehicle struck the right rear of the plaintiff automobile. The brake lights of the plaintiff car were on as it pulled into the path of the defendant vehicle.
As is obvious, the testimony of the plaintiff driver is in marked conflict with that of the defendant driver and his wife. The trial court accepted the defendants’ version of the manner in which the accident occurred and the issue thus presented on appeal is one of fact. In this court counsel for plaintiff argued that the defendant testimony should be disregarded because, in addition to what has been set forth in the preceding paragraph, the defendant driver testified the plaintiff car came into the traffic lane in which he was traveling when he was only 1 to car lengths from the Causeway intersection and, if that additional testimony is true, the accident could not have happened as he and his wife said it did.
We agree that the plaintiff vehicle must have turned into the lane occupied by the defendant car at a greater distance from the intersection than 1 to 11/4 car lengths. However, this is a minor discrepancy, an understandable mistake because the estimate of the distance had to be made momentarily in the face of an impending collision, and certainly insufficient in itself to discredit the defense testimony as a whole. Additionally we note that, to the extent it was applicable, the defendants’ version of the accident was supported by the testimony of the investigating police officer.
Accordingly, we find no manifest error in the trial court’s finding of facts. Under that finding, it is apparent the accident was proximately caused by the negligence of the plaintiff driver in changing from one traffic lane to another when it was not safe to do so.[1]
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.

. LSA-R.S. 32:79(1); Ginlee v. Helg, 251 La. 261, 203 So.2d 714; Johnson v. Wilson, 239 La. 390, 118 So.2d 450; Jennings v. Allstate Insurance Company, 241 So.2d 778; Zurich Insurance Co. v. Grain Dealers Mutual Ins. Co., 169 So.2d 6; Taylor v. Allstate Insurance Company, 205 So.2d 807; Scott v. Travelers Insurance Company, 194 So.2d 154.