ELLIS, Judge:
This, case arises out of an automobile accident which happened on Drusilla Lane in East Baton Rouge Parish. The vehicles involved were an automobile owned by John W. Puckett Realty, Inc., and operated by John W. Puckett, and an automobile owned by William H. Emmons and operated by Tommy Cockerham, Jr., an uninsured motorist. Mrs. Bernice Dykes Puckett was a guest passenger in her husband’s automobile.
Mr. Puckett brought suit against Em-mons, his insurer, Cockerham, and Maryland Casualty Company, his own uninsured motorist insurer. After trial on'the merits, there was judgment in favor of defendants, dismissing Mr. Puckett’s suit, and he has appealed.
At the time of the accident, Drusilla Lane was barricaded at its south end because of the construction of an interstate highway. Mr. Puckett was driving south on Drusilla when he came to the barricade and realized he could not proceed further. He backed up into a driveway on the west side of the road. He was engaged in pulling out of the driveway in order to head north when the accident happened.
*672 Mr. Cockerham testified that he was driving south on Drusilla at a speed of about 45 miles per hour. When he came to a small rise, he was suddenly confronted by the Puckett automobile, directly in front of him on the road. He testified that he immediately applied his brakes but was unable to stop, and crashed into the side of the Puckett car. He left 85 feet of skid marks.
Mr. Puckett could recall backing into the driveway and just beginning to pull out. He remembered nothing after that point and was not sure where his car was when the accident happened. Mrs. Puckett testified on the trial of the case that she was watching the right rear wheel of the car, and that when the accident happened, they had just begun to pull forward but were still off of the road with the wheel directly over a culvert. Her statement, which was given to an adjustor ten days after the accident, stated that Mr. Puckett pulled out of the driveway and was almost across the street when he was struck by the Cocker-ham car.
The accident happened at night, the headlights on both cars were burning, and the weather was clear and dry. There was an adequate number of signs along Drusilla, warning that the road was closed. The trial judge found that Cockerham was driving about 55 miles per hour, 10 miles per hour in excess of the speed limit.
The trial judge found that Puckett was negligent in not observing the lights of the Cockerham automobile approaching from his left, and in pulling out into its path. His finding in this respect is amply supported by the record. However, Mr. Puckett claims that Cockerham had the last clear chance to avoid the accident.
The doctrine of last clear chance may be invoked by one who has been injured after negligently placing himself in a position of peril if the other party observed or should have observed him in time to have, with due diligence, avoided the accident. Jackson v. Cook, 189 La. 860, 181 So. 195 (1938). In such a case, the negligence of the party injured is not a proximate cause of the accident.
If it be conceded that Cockerham was speeding, and that his speed was a proximate cause of the accident, we are of the opinion that Mr. Puckett pulled out into the highway when Cockerham was too close to avoid the accident. The trial judge did not believe that Cockerham should have seen Puckett any sooner than he did because of a slight rise in the road, and we can see no reason to disturb his finding.
The judgment appealed from is, accordingly, affirmed, at plaintiff’s cost.
Affirmed.