ELLIS, Judge.
This is a companion case to Puckett v. Emmons et al., 231 So.2d 671 (La.App. 1 Cir. 1970), decided by us this date, to which reference is made for a recitation of the facts.
Mrs. Puckett, plaintiff herein, sued the owner and operator of the other vehicle involved, and Maryland Casualty Company, her husband’s insurer, under both the liability and uninsured motorist feature of the policy.
She was awarded judgment against Maryland Casualty and Tommy Cockerham, Jr., the uninsured operator of the other vehicle, in solido, for $10,000.00, Maryland’s liability policy limits. She was also given judgment against Cockerham alone for $5,000.00 additional. She has appealed, seeking to collect from Maryland, under the uninsured motorist coverage, the $5,000.00 judgment rendered against Cockerham alone. It is conceded that Maryland has already paid its part of the judgment.
Mrs. Puckett claims that since Cocker-ham is uninsured, and since she has a judgment against him, she should be entitled to collect under the policy. However, Maryland points out the following language in the endorsement, Section 6, Limits of Liability:
“(b) any amount payable under the terms of this endorsement because of bodily injury sustained in an accident by a person who is an insured under the coverage shall be reduced by
(1) all sums paid on account of such bodily injury by or on behalf of (i) the owner or operator of the uninsured automobile and (ii) any other person or organization jointly or severally liable together with such owner or operator for such bodily injury including all sums paid under the Bodily Injury Liability Coverage of the policy * * * ”
Since it has already paid $10,000.00 under the bodily injury liability feature of the policy, and the amount claimed by plaintiff under the uninsured motorist endorsement is only $5,000.00, Maryland claims it can have no liability thereunder.
We think this position is well taken. There is no uncertainty or ambiguity in the foregoing clause, and we know of no public *674 policy considerations which would render the clause nugatory. Similar exclusions as to medical payments made under other policy provisions have already been upheld. Morgan v. State Farm Mutual Automobile Ins. Co., 195 So.2d 648 (La.App. 3 Cir. 1967); Connelley v. Southern Farm Bureau Casualty Co., 219 So.2d 206 (La.App. 1 Cir. 1969). Mrs. Puckett can have no further recovery against Maryland under the express terms of the policy.
The judgment appealed from is affirmed at plaintiff’s cost.
Affirmed.