BOUTALL, Judge.
This appeal arises from an automobile accident. Judgment was rendered below dismissing plaintiff’s suit. Plaintiff alleged negligence on defendant Englade’s part, which was answered by a denial of negligence and alternatively by a plea of contributory negligence such as to bar recovery. The judgment below contains no written reasons. Plaintiff asks for review of that judgment.
The accident occurred near the intersection of Fontainebleau Drive and Nashville Avenue in the City of New Orleans. Mr. Burguieres’ residence is located on Fontainebleau and is the second house from the corner at Nashville, the driveway being approximately 95 feet from the corner. The streets were wet after a rain. The accident occurred as the two automobiles came together immediately after Mr. Burguieres had backed out of his driveway onto Fontainebleau and Mr. Englade had made a right turn from Nashville onto Fontainebleau in the direction of Mr. Burguieres’ house. The rear right side of Mr. Burguieres’ automobile and the front bumper of Mr. Englade’s car hit, causing damages of $284.00 to Mr. Burguieres but no damage to the Englade car.
Plaintiff alleges he backed out to the neutral ground, after waiting for two cars to pass on Fontainebleau, and waited there a few seconds, while he watched the Eng-lade car approach from the rear and hit him. He testified that he first saw the Englade car about 90 feet away and that it was going very slowly, less than 20 miles per hour. Plaintiff’s witness, Mrs. Ollie Nelson, testified that she went up to Mr. Burguieres as he was backing out to give him a message. He stopped at the curb, received the message, then after waiting for two cars to pass, backed out, waited “for a second” and then was hit by the Englade car. She did not see the Englade car until it struck.
Mr. Englade testified that he approached Fontainebleau on Nashville, stopped at the stop sign there, and turned right on Fontainebleau achieving a speed of 10-15 miles per hour when he suddenly saw the *723 Burguieres car blocking the way. He applied his brakes but slid into the car as the streets were wet. Three passengers in the Englade car, the plaintiff’s son and niece and a student at Redemptorist High School where Mr. Englade was assistant principal, all testified that as Mr. Englade turned the corner at a slow speed, the Burguieres car suddenly backed out into the street. Mr. Englade braked at once but skidded on the wet street.
By this testimony in the record it is obvious that the trial court had ample evidence, if believed, to conclude that the plaintiff has not shown any negligence on the part of Mr. Englade. The testimony reveals to us, as it must have to the trial judge, that Mr. Burguieres backed out of his driveway as Mr. Englade was proceeding on Fontainebleau. Even the testimony of Mrs. Nelson, plaintiff’s own witness, was that Mr. Burguieres’ car was struck only a second after he backed out. The only testimony to the contrary is that of the plaintiff himself, who said that he backed out, completely blocking the street, and sat motionless watching a car approach from 90 feet away and skid into his vehicle. As all testimony showed Mr. Englade to be traveling at a very slow speed, it would seem that it would take much more than a few seconds to travel the 90 feet, braking almost to the point of stopping but sliding into the other car. If the plaintiff would have his story accepted, it seems that there may be contributory negligence on his part, in not pulling back into the driveway or at least forward on the street, while watching another vehicle sliding towards him on a wet street. See Guidry v. St. Paul Fire & Marine Insurance Company, 216 So.2d 659 (La.App. 3rd. Cir., 1968); writ refused, 253 La. 628, 218 So.2d 902 (1969). We note that his answer to counsel’s question as to why he sat there not pulling back into his driveway was, “Why should I pull back ?”. However, we can find no acts of negligence on the part of the defendant, Mr. Englade. In the absence of a showing of manifest error, we will not disturb the findings of the trial judge, who had the opportunity to observe the witnesses and weigh all testimony in this light. Murphy v. Piro, 240 So.2d 111 (La.App. 4th Cir., 1970); Robinson v. Dupuy Storage & Forwarding Corporation, 137 So.2d 474 (La.App. 4th Cir., 1962).
We also note that it is incumbent upon one backing a vehicle from a private drive onto a favored public roadway to first ascertain that such a maneuver may be done in safety. This duty of care is an extremely high one. LSA32:124; Morgan v. Southern Farm Bureau Casualty Insurance Company, 223 F.Supp. 996 (D.C.), affirmed, 339 F.2d 755 (U.S.C.A. 5th Cir., 1964); Garcia v. Anchor Casualty Company, 148 So.2d 371 (La.App. 1st Cir., 1962); writs issued, 244 La. 125, 150 So.2d 587, (“an unusual degree of care”, 148 So.2d at 379, and Smith v. Hean, 181 So.2d 433 [La. App. 2nd Cir., 1965] at 435, and citations therein.) ; Holland v. United States Fidelity & Guaranty Co., 131 So.2d 574 (La.App. 2nd Cir., 1961); Honeycutt v. Carver, 25 So.2d 99 (La.App. 1st Cir., 1946).
The judgment below is affirmed, with all costs to be borne by the plaintiff-appellant.
Affirmed.