BOUTALL, Judge.
This suit originates from the First City-Court of New Orleans, on an automobile accident, the plaintiff seeking $900.00 for damages to his automobile, a 1965 Volkswagen Sedan. This automobile was being driven by the wife of the plaintiff down South Galvez Street in New Orleans, in a northerly direction, towards Canal Street, and approached the intersection of Old Poydras Street, where it struck a 1963 Cadillac driven by the defendant. The Volkswagen careened off, traveled 75 feet before rolling over and skidded on its side for some distance, coming to rest. Mrs. Wise apparently sustained some injury to her person, which was the subject of a prior suit in the Civil District Court for the Parish of Orleans, No. 490-736.
The defendant had been driving in the opposite direction on South Galvez, passing the intersection with Poydras Street, which is separated from Old Poydras by a set of parallel railroad tracks, then making a left turn onto Old Poydras, with the intention of going toward the river. He was on Old Poydras, within the South Galvez Street neutral ground, and about to turn left again onto South Galvez, when he first noticed the plaintiff’s automobile approaching at a high rate of speed. He then stopped with the left front corner of his car protruding from the neutral ground out into South Galvez Street, which was struck by the left rear section of the plaintiff’s vehicle.
Defendant has denied negligence on his part, and further alleges contributory negligence on the part of plaintiff’s driver, imputed to plaintiff, invokes the doctrine of last clear chance on that driver’s part, and also pleads in his answer the prior judgment of the District Court, holding that driver contributorily negligent, barring recovery.
Judgment was rendered dismissing the suit without written reasons. From the transcript, we note the following quotation by the court:
“[I] Don’t think the Civil District Court case has any effect on the case tried before me. What happened in Judge Marcus’ Court, I don’t know. I don’t know what happened with the evidence produced before him. Could be entirely different. Could have been the same.”
From this, the inference is that the case was decided on one of the other defenses pleaded, that is, no negligence of the defendant, last clear chance, or contributory negligence by the plaintiff’s driver. Since the trial judge obviously did not consider the previous case in his decision, the trial judge must have found as facts that the defendant had stopped his vehicle, and that the plaintiff’s vehicle ran into it at an excessive rate of speed. The evidence contained in the record amply supports this determination of the facts.
The police report, stipulated to by both parties, as well as the uncontroverted testimony of the defendant, Mr. Varnado, shows that there was no stop sign at that corner of the neutral ground facing him. Mr. Varnado testified that he was stopped dead, and saw Mrs. Wise approach at a very high rate of speed. Mrs. Wise did not deny speeding at any point in her testimony, and stated that she did not look for cross traffic at the intersection and never saw the defendant’s car. The distance traveled after the collision and rolling over, indicates that she was traveling at rather a high speed. Her failure to look, coupled with this speed, constitutes negligence. Since this negligence would prevent plaintiff’s recovery under two of the defenses, we see no need to discuss the possibility of defendant’s negligence.
This, we feel, is sufficient to support the trial judge’s findings, since, unless there is manifest error, these findings will not be disturbed on appeal. Burguieres v. Englade, 261 So.2d 721 (La.App. 4th Cir., 1972); Murphy v. Piro, 240 So.2d 111 (La.App. 4th Cir., 1970).
Therefore, the judgment appealed from is affirmed, dismissing the suit at plaintiff’s cost. Plaintiff is to bear costs of appeal.
Affirmed.