289 So.2d 199 (1973)
Hugh SYKES et al.
v.
Claude M. DAVIS et al.
No. 9603.
Court of Appeal of Louisiana, First Circuit.
December 17, 1973.
Joel B. Dickinson and Sue Perrodin, Baton Rouge, for appellants.
Roger Fritchie, Baton Rouge, for appellees.
Before LANDRY, ELLIS and PICKETT, JJ.
LANDRY, Judge.
Plaintiffs, Hugh and Dorothy Sykes, appeal a judgment rejecting their claims for damages for personal injuries sustained by Mrs. Sykes, medical expense incurred in treatment thereof, and the cost of repair to the Sykes automobile resulting from an accident in which the Sykes vehicle was *200 struck while being backed out of the Sykes' driveway onto a public street. Named defendants are Claude M. Davis and his insurer, Government Employees Insurance Company. Upon finding plaintiff driver negligent in failing to maintain a proper lookout and failure to yield the right of way and holding Davis guilty of negligence in traveling at excessive speed, the lower court rejected plaintiffs' demands including the alternative plea for recovery pursuant to the doctrine of last clear chance. We affirm.
Subject accident occurred at approximately 4:05 P.M., December 31, 1969, in front of plaintiff's then residence situated at 2838 68th Avenue, Baton Rouge, Louisiana. The street in question is a two lane, blacktopped thoughfare running in an easterly-westerly direction, with a posted speed limit of thirty miles per hour. Approximately one-half a block west of plaintiffs' residence, 68th Avenue is intersected by Nottingham Street, a lesser and nonfavored roadway which runs from north to south. The intersection is controlled by a stop sign requiring motorists on Nottingham to defer to traffic on 68th Avenue. On the day in question, the weather was clear and the roadway dry. Plaintiff's residence was situated on the south side of 68th Avenue and was the third home east of the intersection in question. Plaintiffs' driveway was situated on the west side of the residence. When the accident occurred, a jeep-type truck belonging to plaintiffs was parked in plaintiffs' yard to the west of plaintiffs' driveway between the home and the street.
Defendant Davis testified to the effect that he had been proceeding southerly on Nottingham, stopped for the intersection, turned left, proceeded east on 68th Avenue at a speed of 25 to 30 miles per hour when he was suddenly confronted with the Sykes vehicle being backed onto the street. He stated that he first observed the Sykes car when he was from three to four vehicle lengths away. He also stated that he was unable to see the Sykes car before it entered the street because of the presence of a blue car parked on the south side of 68th Avenue to the west of plaintiffs' driveway. Upon seeing plaintiffs' car emerge from behind the parked automobile, Davis sounded his horn, applied his brakes and attempted to veer to the left. Notwithstanding his efforts, the right front of his car struck the right rear of the Sykes vehicle in approximately the center of the street. After the accident, defendant's car came to rest on the north side of the street with its left front wheel in a shallow ditch. Defendant denied that long skid marks noted at the scene by the investigating officer were made by defendant's automobile. Defendant was emphatic in his testimony that he was only driving about 25 miles per hour. He also repeatedly referred to his attempt to show the investigating officer numerous skid marks upon the surface of the street at the accident scene.
Plaintiffs concede that a jeep vehicle was parked on the west side of their driveway in the yard, but deny the presence of a parked vehicle on the street to the west of the driveway. Mrs. Sykes stated she had an unobstructed view of the street in both directions as she backed out of her driveway. She averred she looked both ways, observed no traffic approaching and proceeded to back onto the street. When she had backed about three or four feet onto the street, her car stalled and she was struck while attempting to restart her automobile. She denied that defendant's vehicle came to rest in the ditch on the north side of the street, rather she asserted that it stopped with its right front wheel next to a mailbox.
The accident was investigated by State Trooper Aaron V. Duke, who testified he found 140 feet of skid marks in the eastbound lane of 68th Avenue which he determined were made by defendant's vehicle. Officer Duke also stated that he fixed the point of impact at about the center of the eastbound lane, and observed that just before the collision, defendant's vehicle apparently attempted to veer to the left. He *201 estimated defendant's speed at 45 miles per hour. He also noted that Mrs. Sykes told him she did not see Davis' approaching car, and that she had backed out from her driveway at about 10 to 15 miles per hour. The officer further noted that the accident was relatively minor, and for that reason, it did not warrant a full scale investigation. Because of this factor, he conceded his report might be lacking in detail. He ticketed both drivers for violations. He further stated he had no recollection whatsoever of Mrs. Sykes telling him her car stalled. His report did not contain such information. He also stated he would not have issued Mrs. Sykes a summons had she told him her car stalled.
The trial court concluded Davis was negligent in exceeding the speed limit by traveling approximately 45 miles per hour in a 30 mile zone. The trial court also found Mrs. Sykes negligent in either backing out onto the street without looking or failing to see the Davis vehicle approaching. The trial court also found that defendant was confronted with a sudden emergency in the form of the Sykes car backing across defendant's line of travel. Finally, the trial court found that if plaintiffs' vehicle were in fact stopped when struck, it had not been stalled for any appreciable length of time and defendant, consequently, did not have the last clear chance to avoid the accident.
We concur in the trial court's finding that plaintiff driver was negligent under the circumstances. LSA-R.S. 32:124 exacts a high degree of care on the part of a driver backing onto a public street from a private driveway. Such a motorist must proceed only after ascertaining he poses no immediate danger to oncoming traffic, he must determine that the move can be made in safety, and must yield the right of way to vehicles approaching upon the street or highway. Burguieres v. Englade, La.App., 261 So.2d 721; Eiswirth v. Cooper, La. App., 223 So.2d 884.
In contending Mrs. Sykes was free of negligence, plaintiffs cite and rely upon Hathorn v. McKay, La.App., 236 So.2d 74. We find the cited authority clearly distinguishable upon its facts. In Hathorn, the evidence showed the backing vehicle had been stalled in the roadway for some time before it was struck, and that its driver had made several attempts to restart his engine. Such is not the case here. We find no error in the trial court's conclusion that plaintiff driver backed onto the street without maintaining a proper lookout, and that her vehicle was stalled but an instant or two before the impact if at all. We also concur in the conclusion that plaintiff's negligence was a proximate cause of the accident.
For the doctrine of last clear chance to apply and permit recovery by a negligent plaintiff, the following must be shown: (1) Plaintiff has placed himself in a position of danger or peril from which he cannot extricate himself; (2) defendant either observed plaintiff's peril or, through the exercise of reasonable care, should have done so, and (3) defendant could have avoided the accident by the exercise of ordinary and reasonable care. Lawton v. Abernathy, La.App., 253 So.2d 104; Puckett v. Emmons, La.App., 231 So.2d 672.
In exonerating defendant from liability under the last clear chance doctrine, the lower court concluded defendant's speed was not a proximate cause of the accident. He observed that since plaintiff suddenly backed out into the street in the path of defendant's oncoming vehicle, the accident would have occurred irrespective of defendant's speed. While we agree that defendant did not have the last clear chance to avoid the accident, we do so for reasons different from those found by the trial court.
We find the evidence preponderates in favor of the finding that defendant was proceeding at a speed of about 30 miles per hour when he was confronted with the *202 sudden emergency of plaintiff backing into the street across his path when defendant was only about three to four car lengths distant from plaintiff's driveway. Initially, we note the officer considered the resulting damage so minor as not to require a full scale investigation. The sum of $553.00 claimed by plaintiffs for damages to their automobile is further evidence that the impact was not particularly severe.
The record is unclear as to the precise distance between Nottingham Street and plaintiffs' driveway. All witnesses agree the Sykes residence is about half a block east of the corner. Mrs. Sykes testified that two other houses were situated between the intersection and the Sykes home. She gave confusing testimony concerning the size of her own premises. At one time, she stated the property consisted of two thirty foot lots; in another instance, she stated the lots were 60 feet each. The size of the intervening lots is not made clear. Assuming all lots in the block were sixty feet frontage on the street, it would place the easternmost line of plaintiffs' property 240 feet east of the intersection of Nottingham Street. It is conceded plaintiffs' driveway is situated on the west side of plaintiffs' residence. A reasonable assumption, under the circumstances, is that plaintiffs' driveway was situated approximately 175 feet east of the intersection.
Defendant's uncontradicted testimony is that he stopped for the sign at Nottingham, turned left onto 68th Avenue and proceeded easterly. Officer Duke's testimony is that he found 140 feet of skid marks in the eastbound lane of 68th Avenue preceding the point of impact. He estimated defendant's speed at 45 miles per hour. It follows that if defendant laid down 140 feet of skid marks, as testified by Officer Duke, defendant must have gained the eastbound lane of 68th Avenue and attained a speed of 45 miles per hour therein at least 170 feet west of plaintiffs' driveway, allowing only one-half second for reaction time preceding application of his brakes. Such a finding appears totally incompatible with the physical facts. We conclude defendant was confronted with a sudden emergency created by plaintiff backing onto the street while defendant was only three to four car lengths away traveling at a speed of approximately 30 miles per hour.
The judgment of the trial court is affirmed at appellants' cost.
Affirmed.