323 So.2d 528 (1975)
Sidney THOMPSON, Jr.
v.
RESERVE INSURANCE COMPANY et al.
No. 7122.
Court of Appeal of Louisiana, Fourth Circuit.
December 9, 1975.
*529 Wayne C. Giordano, Belle Chasse, for Sidney Thompson, Jr., plaintiff-appellant.
Christopher E. Lawler, Porteous, Toledano, Hainkel & Johnson, New Orleans, for Reserve Ins. Co., and others, defendants-appellees.
Before LEMMON, BOUTALL and BEER, JJ.
BOUTALL, Judge.
Plaintiff, Sidney Thompson, Jr., seeks damages for personal injuries sustained in an automobile accident. The trial court denied plaintiff recovery on the grounds that he was contributorily negligent. Plaintiff has appealed and we reverse.
The facts are undisputed. Harry Cook was driving a taxi cab for Pel's Cab when he entered Maplewood Drive to drop off a fare. Maplewood Drive is in a residential neighborhood in Harvey, Louisiana. Mr. Thompson lives on Maplewood Drive and on the day of the accident he got into his car intending to go to the grocery. Mr. Cook pulled into his fare's driveway, dropped her off and backed out of the driveway. At approximately the center of the street the Cook and Thompson vehicles collided.
Mr. Cook testified that he looked to his rear before backing up, then backed out of the driveway and across half the street without ever looking again or stopping. It is clearly negligence to back into a trafficked street without first ascertaining if the street is clear. LSA-R.S. 32:124; Sykes v. Davis, 289 So.2d 199 (La.App. 1st Cir. 1973).
Mr. Thompson testified that he was headed down Maplewood Drive looking at the road ahead of him. He did not see the taxi backing out of the driveway until an instant before the collision. He testified his vision was not impeded, although there was a pick-up truck parked 2 car lengths from the driveway, and his only explanation for not seeing the taxi was that he was looking straight ahead.
The trial court found Cook guilty of negligence and Thompson guilty of contributory negligence. He based his finding of contributory negligence on the grounds that Thompson did not see the taxi backing into his path, he could have seen it if he were more observant and Thompson was familiar with the street since he lived on it. We do not agree with the reasoning of the trial court. In an instance such as this it is only negligence if the driver with the right of way did not see the other car when he should have and at that time could have avoided the collision. Driscoll v. Allstate Ins. Co., 223 So.2d 689 (La.App. 4th Cir. 1969).
The burden of proving contributory negligence rests upon defendants in this case. We hold that the circumstances of this case, as evidenced by the record, do not support a finding of contributory negligence. Thompson was not under a duty to see the taxi until it first began to roll into the street. Any movement of the taxi in the driveway itself imposed little or no duty on Thompson since he could reasonably expect the taxi to obey the law and yield the right of way before backing into the street. Cole v. Maryland Casualty Co., 205 So.2d 863 (La.App. 3rd Cir. 1968). Defendants elicited neither evidence as to where the Thompson vehicle was when the taxi entered the street, nor evidence as to the speed of either vehicle. Considering the lack of evidence on these vital points we find that defendants have failed to show by a preponderance of the evidence that the relative positions and motions of the automobiles were such that Thompson could have avoided the accident. The evidence *530 simply does not support a finding of negligence against Thompson.
The trial court placed too great a burden or duty upon Thompson. We cannot agree with the trial court that a driver must observe everything that is taking place in the driveways of a residential neighborhood. Neither do we agree that Thompson is somehow under a greater duty towards others because he is familiar with the street. We simply find that defendants have failed to carry their burden of proof.
Having found plaintiff free of contributory negligence we reach the issue of damages. The record discloses that certain stipulations were entered into before trial on the issue of damages; these are:
1) The market value of plaintiff's car on the day of the accident was $300.00 and the repair estimate was $606.00.
2) Emergency room treatment, including hospital and physician fees, was $56.00.
3) Drug bills totaling $11.12.
4) Wrecker bills totaling $30.00.
Granting plaintiff the market value of his car on the day of the accident ($300.00) these items of damage total $397.12.
Plaintiff received as injuries a lacerated nose, which was incurred by striking his head on the steering wheel. He also incurred a muscle strain of the cervical region, ecchymosis over the right deltoid muscle and post traumatic headaches. Plaintiff's physician treated these injuries conservatively and the injuries resolved themselves after a short period. The physician's charges totaled $104.40.
Viewing the relatively modest injuries that plaintiff received we find that an award of $1,500.00 is just compensation for his pain and suffering. This award totaled with the $397.12 in special damages and the $104.40 in doctor bills results in plaintiff's total recovery of $2,001.52. Additionally we set expert's fee of $100.00 for Dr. Serio, taxable as costs.
For the foregoing reasons the judgment of the trial court is reversed. It is now adjudged, ordered and decreed that there be judgment against defendants, Harry Cook, Pel's Cab and Reserve Insurance Company, in solido, and in favor of plaintiff, Sidney Thompson, Jr., in the amount of $2,001.52 with legal interest from date of judicial demand. Expert fees of $100.00 are fixed, taxable as costs. Defendants are to pay all costs of these proceedings.
Reversed and rendered.