357 So.2d 1207 (1978)
Elizabeth Helen CHMURKA
v.
SOUTHERN FARM BUREAU INSURANCE COMPANY.
No. 8927.
Court of Appeal of Louisiana, Fourth Circuit.
March 14, 1978.
*1208 White & May, Darrell D. White, Gordon M. White, Baton Rouge, for plaintiff-appellant-appellee.
Porteous, Toledano, Hainkel & Johnson, John M. Hainkel, Jr., William A. Porteous, III, New Orleans, for defendant-appellee-appellant.
Before BOUTALL, SCHOTT and GARSAUD, JJ.
GARSAUD, Judge.
This appeal arises out of a two-car collision in which plaintiff was injured when defendant's insured crossed into the opposite lane of traffic and hit plaintiff's vehicle head-on. Defendant stipulated to liability before trial, and plaintiff stipulated that all medical bills except one had been paid. Thus, only the extent of plaintiff's injuries was at issue. The trial court rendered judgment in favor of plaintiff for $16,706.45, $15,000 for general damages and $1,706.45 for medical bills. Plaintiff appealed the denial of her claims for disfigurement and impairment of earning capacity. Defendant answered the appeal, contending error on the part of the trial court in awarding the sum of $15,000 to plaintiff for general damages and for awarding all medical costs when by stipulation it was agreed that all bills but one had been paid.
The primary injury to the plaintiff was the dislocation of her hip, necessitating surgery. This surgery required hospitalization for twelve days and confined plaintiff to her home for approximately two months. In this period, however, her employer continued to pay her full wages, so there was no question of any past lost earnings. The surgery resulted in about a seven-and-one-half-inch scar on plaintiff's left hip, which is visible when plaintiff is wearing a bathing suit or shorts.
The first issue is whether the trial court erred in awarding $1,706.45 for medical bills. The record establishes that a stipulation was entered into wherein plaintiff agreed that all medical bills, save one in the amount of $92.00, had been paid. Apparently the trial court inadvertently included in its award the amount for medicals. This was error. Accordingly, we reduce the award for medical bills from $1,706.45 to $92.00, the amount remaining unpaid.
The second issue is whether the trial court erred in disallowing any recovery *1209 for the disfigurement caused by the surgical scar. In its reasons for judgment, the trial court stated, "We are of the opinion that the scars suffered by Miss Chmurka can hardly be designated as disfiguring scars . . . ." Thus, it is apparent that the trial court, in its award of $15,000 for general damages, did not include any amount for the surgical scar. We believe that the exclusion was error. Plaintiff's exhibits P-24 through P-28 show a permanent surgical scar which is noticeable when plaintiff wears a bathing suit. Although a trial court's finding should be given great weight, the conclusion that the scar is not disfiguring is erroneous. A scar is a disfigurement of the body, and when its position is noticeable in public circumstances, then it is disfiguring and compensable. As has been said,
"Whether the scar is in itself disfiguring or whether its detracting features have been magnified in [the] plaintiff's mind, it is in either case an injury that has produced mental anguish and is hence compensable." Orfanello v. Pepsi Cola Bottling Co., 290 So.2d 353 (La.App. 4th Cir. 1974), cert. den., 293 So.2d 178 (La. 1974).
The amount awarded then becomes a question of degree. Some scars may be so insignificantly disfiguring that a nominal or token award is sufficient, or perhaps even a de minimus rule would be appropriate.
Recognizing that other decisions on matters of quantum are not binding, as no two cases are really fully alike, Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1976), we believe that as we are called upon under the circumstances to make the initial judgment on quantum, similar cases will be of some assistance in reaching an amount. For example, in Russo v. Guillory, 322 So.2d 233 (La.App. 4th Cir. 1975), cert. den., La., 325 So.2d 608, a 26-year-old unmarried woman was awarded $2,000 for a star-shaped scar below her left kneecap and five small scars in various places on her right knee. The degree of disfigurement herein also justifies an award of $2,000.
The next issue is whether the trial court erred in failing to grant any award for loss of future earning capacity. In its reasons for judgment, the trial court stated, "Nor do we find that she proved the loss of any present or future wages as a result of the accident." It is the plaintiff's position that the trial court erred in not considering her loss of future earning capacity, as opposed to loss of any future wages. The appellant argues that, as a result of her hip injury, her earning capacity is reduced in that, for example, she may have to retire earlier than anticipated or be absent more than the average employee. She further argues that the trial court's conclusion that no future wages have been lost as a result of the accident simply fails to address itself to her claim of reduction of future earning capacity. Be that as it may, we are not required to resolve that disagreement as it is our opinion the evidence supports a conclusion that her future earning capacity has not been impaired. Although Dr. Kennon concluded that Miss Chmurka had a five-to-ten-percent disability of the hip, he later testified unequivocally that it was possible but not probable that the injury would cause impairment of her future earning capacity. The appellant makes much of its expert economist's testimony regarding the present value of her future earning capacity and its relationship to a five-to-ten-percent disability, showing that she will lose a certain amount of dollars based upon the disability. Although this may be true, it begs the question. It assumes that there is in fact an impairment of future earning capacity. The doctor admitting the disability (and it should be noted that he was plaintiff's own witness) testified that the disability will not impair future earning capacity. Accordingly, we believe that it was not error for the trial court to fail to award any amount for loss of future earning capacity.
The next issue is whether an award of $15,000 for pain and suffering and permanent disability (five to ten percent of the hip) is justifiable under the circumstances, or whether the trial court's decision in this regard was erroneous. Defendant has argued *1210 that the award of $15,000 is excessive. After reviewing all the evidence in the record, we do not believe that the trial court abused its discretion in awarding $15,000 for this injury. Accordingly, we do not disturb the award. Coco v. Winston Industries, Inc., supra. In reaching this decision, the trial court relied on various factors, including that Miss Chmurka was jammed in her vehicle for some 45 minutes to an hour before she was extricated and sent to the hospital. During this time she was semiconscious and endured a great deal of pain. The record indicates that when witnesses to the accident attempted to move her out of the car, they were unable to do so as a result of the attendant pain to her leg when any movement was attempted. After two unsuccessful attempts at reduction of the hip joint by manipulation, the plaintiff had to undergo surgery, for which she was hospitalized for twelve days. Confinement at home took approximately two months. At this time she still complains of some pain in the hip when there is a change in the weather and when she undertakes too strenuous an activity. In addition to the hip injury, the accident resulted in a cut under her left breast of about a half-inch in length requiring four or five stitches, bruises of the knees, and general contusions of the body. Further, the court found that the disability of the hip constituted approximately a two-or three-percent disability of the complete bodily functions. Under these circumstances, we do not believe that there was manifest error in these conclusions, and sustain the trial judge's findings. Canter v. Koehring Co., 283 So.2d 716 (La.1973); Dyson v. Gulf Modular Corp., 338 So.2d 1385 (La.1976).
The final issue is whether the trial court committed error in awarding Dr. Kennon, as an expert witness, a fee of $250. Prior to the judgment rendered, Dr. Kennon submitted a bill to plaintiff for $500 for testifying. Apparently defendant would not agree to the doctor's deposition for purposes of trial, and his presence was thus required at an unexpected time in the doctor's schedule. Accordingly, the doctor submitted a $500 bill. The trial court set a fee of $250 after considering all the circumstances and that is the fee to be awarded. Williams v. Harvey, 328 So.2d 901 (La.App. 4th Cir. 1976); R.S. 13:3666.
The judgment appealed from is affirmed, but amended so that there is judgment in favor of plaintiff and against defendant in the sum of $17,092.00, with legal interest from date of judicial demand until paid plus all costs, including the expert witness fee due Dr. Kennon in the amount of $250.00.
AFFIRMED AND AMENDED.